WILBUR N. WICKHAM, APPELLANT, v. JAMES E. WICK-
HAM, RESPONDENT.

*Removal of causes into United States Courts — chap. 196 of 1867 — not repealed
by chap. 137 of 1875.*

Chapter 196 of the United States Laws of 1867, providing for the removal of causes
into the United States Circuit Courts, was not repealed by chapter 137 of the
Laws of 1875.

APPEAL from an order made at Special Term vacating a prior
*ex parte* order, removing this case into the United States Circuit
Court. The motion to remove the case was based on chapter
196, Laws of United States of 1867 (sub. 3 of § 639 of U. S.
Revised Statutes), allowing a removal in suits between citizens of
different States, when the applicant for removal believes that from
prejudice or local influence he will not be able to obtain justice
in the State court.

*Wm. Stone,* for the appellant. Chapter 196 of 1867 was not
repealed by chapter 137 of 1875. The Supreme Court of the
United States has time and again declared that statutes are never
repealed by implication, unless the provisions of the latter stat-
ute are so much in conflict with the provisions of the earlier
statute that the two cannot stand together. (*Wood* v. *U. S.,* 16
Peters, 342; *McCool* v. *Smith,* 1 Black, 459; *Henderson's Tobacco,*
11 Wall., 652; *Henderson's Distilled Spirits,* 11 id., 356; see
also Sedgwick on Statutes and Constitutional Law [2 ed.], 106;
*Bowen* v. *Lease,* 5 Hill, 221; *McCartee* v. *Orphan Asylum,* 9
Cow., 437, 506, 507; *The State* v. *Shaw,* 28 Iowa, 67.) The
statute which we are now considering has been passed upon
several times since the passage of the act of 1875 by courts of
United States and State courts, and they have held that subdi-
vision 3 of section 639 of Revised Statutes of United States
is not repealed by the act of 1875. (*Norton* v. *American Ring
Co.,* April, 1879, 1 Monthly Law Bulletin, 52, LAWRENCE, J.,
New York Sup. Ct.; *Barbour* v. *The St. Louis, Kansas City and
N. R. R. Co.,* 43 Iowa, 223; *N. J. Zinc Co.* v. *Trotten et al.;*

17 American Law Register, 1878, 376, NIXON, J.; *Cooke* v. *Ford,* Am. Law Times and Rep. [N. S.], vol. 4, No. 6, p. 260; also article of Judge DILLON, Southern Law Review, July, 1876; *Comrs. of Arapahoe County* v. *Kansas Pacific Railroad et al.,* 4 Law & Eq. Rep., 181.) The court having in the first instance heard the petition and granted the order for removal, and having approved the surety offered, it had no further jurisdiction over the case, and the order vacating the order of removal was improperly made. (*Shaft* v. *The Phœnix Mutual Life Ins. Co.,* 67 N. Y., 544; *Stevens* v. *Phœnix Ins. Co.,* 41 id., 149; *Chamberlain* v. *National Life and Trust Co.,* 11 Hun, 370; *Fiske* v. *Union Pacific R. R.,* 8 Blatch., 243; 5 id., 536.) As the petitioner has fully complied with the terms of the statute, the case can be legally tried only in the United States Court, notwithstanding the order vacating the order of removal. (*Mix* v. *The Andes Ins. Co.,* 74 N. Y., 56.)

*H. A. Wadsworth,* for the respondent.

*Per Curiam :*

So far as this application rested in discretion, it was passed upon favorably by the judge at Special Term. The subsequent order vacating the order of removal was based upon the theory that the act of 1867 (14 U. S. Stat. at L., p. 558, chap. 196) is not in force. This we think to be error. The act of 1875 (18 U. S. Stat. at L., pt. 3, p. 470, chap. 137) does not in terms repeal the act of 1867, and as they are not in conflict, a repeal by implication does not take place. Such appears to be the current judicial opinion. The order of 15th of October, 1879, should be reversed and the cause stand remanded to the United States Circuit Court, pursuant to the order of the 28th of July, 1879.

The question is quite new and not free from doubt and no costs should be granted.

Present — GILBERT and PRATT, JJ.; BARNARD, P. J., not sitting.

Order reversed, without costs.